UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THERESA A. SANDERS,

         Plaintiff,      5:24-cv-1432
                    (ECC/TWD)
v.

NEW YORK STATE,

         Defendant.
_____

Theresa A. Sanders, *pro se Plaintiff*
Elizabeth Lombardi, Esq., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

    Plaintiff Theresa Sanders filed this action against Defendant New York State (the State) alleging violations of the Sixth and Fourteenth Amendments of the United States Constitution and Article 1 § 6 of the New York State Constitution.  Dkt. No. 1.  Presently before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. No. 7.  The motion is fully briefed.  Dkt. Nos. 16, 19.

**I. FACTS**[1]

    On August 15, 2013, Plaintiff was indicted for eight counts of Larceny, eight counts of Falsification of Documents, two counts of Scheme to Defraud, and one count of Residential

---

[1] These facts are drawn from the Complaint.  The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mortgage Fraud. Complaint (Compl.) ¶ 1 (p. 2), Dkt. No. 1.[2] On January 12, 2015, Plaintiff pled guilty to one count of Residential Mortgage Fraud in the Second Degree and one count of Grand Larceny in the Second Degree. *Id*. at ¶ 81; Dkt. No. 1-2 at 32. Plaintiff was detained following her conviction. Compl. ¶¶ 2 (p. 2); 83. Plaintiff suffered serious harms to her health while she was in the State's custody. *Id*. at ¶¶ 83-85; 121. After Plaintiff was released from custody on December 15, 2015, Compl. ¶ 2 (p. 2), she requested the "evidence to justify her conviction," and she received a thumb drive containing "hundreds of pages of evidence, both exculpatory and impeachment in nature that went directly to her 19-count indictment" that her appointed counsel had received as discovery, *id*. at ¶¶ 2-4 (p. 2-3). The trial court denied Plaintiff's motion to vacate her criminal conviction pursuant to New York Criminal Procedure Law § 440.10, and the appellate courts affirmed that decision. *Id*. at ¶¶ 5-10.

Plaintiff alleges that her ex-husband, the prosecution, the trial court, and her appointed counsel conspired to deny her a fair trial. Compl. ¶¶ 14-82. She also alleges that prosecutors withheld exculpatory evidence in violation of her Sixth Amendment rights, key witnesses falsified relevant evidence, and her appointed counsel representation was unconstitutionally ineffective because he had a conflict of interest. *Id.*

## II.   LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 297–98 (N.D.N.Y. 2019) (cleaned up). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted

---

[2] Citations to page numbers refer to pagination generated by the ECF system, unless otherwise noted. For any document with duplicative paragraph numbers, the ECF page for the citation is provided in parentheses.

2

facts in the complaint . . . as true[ ] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted).  A court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record[.]" *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140 (LEK/TWD), 2021 WL 2142924, at *2 (N.D.N.Y. May 26, 2021) (citations omitted).  "When a defendant seeks dismissal under Rule 12(b)(1) 'as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'" *Rosenberg v. LoanDepot, Inc.*, No. 21-cv-8719, 2023 WL 1866871, at *2 (S.D.N.Y. Feb. 9, 2023) (quoting *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019)); *see also Kumpf v. N.Y. State United Tchrs.*, 642 F. Supp. 3d 294, 304–05 (N.D.N.Y. Nov. 22, 2022).

"[W]here, as here, a plaintiff is proceeding pro se, the complaint must be considered under a more lenient standard than that accorded 'formal pleadings drafted by lawyers.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 313 (E.D.N.Y. 2015) (citation omitted).  The Complaint must also be construed liberally "to raise the strongest arguments that it suggests." *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020) (citation omitted).  "Nonetheless, a pro se complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

### III. DISCUSSION

Defendant argues, among other things, that the Complaint should be dismissed for lack of subject-matter jurisdiction based on the State's sovereign immunity under the Eleventh Amendment.  Dkt. No. 7-2 at 9-11.  Plaintiff responds that "the Eleventh Amendment does not

3

shield State actors from Federal Constitutional claims," and it does not apply when the suit seeks only to "challenge the legality of the criminal proceeding brought against the Plaintiff" rather than seeking damages. Dkt. No. 16 at 16.

"Without a State's express waiver or an act by Congress under Section 5 of the Fourteenth Amendment, the Eleventh Amendment bars federal courts from adjudicating claims against a State, as well as its agencies and agents." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023), *cert. denied*, 218 L. Ed. 2d 66 (Feb. 20, 2024) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The "only exception exists for claims for prospective relief against state officials in their official capacities." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). The *Ex parte Young* exception applies only where "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002), and plaintiff has "name[d] as defendant a state official rather than the state or a state agency," *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991). Finally, the Eleventh Amendment protection applies even to lawsuits filed by a state's own citizens. *PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 499 (2021) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

Claims arising under state law, including state constitutional claims, are precluded by state sovereign immunity. *See Wang v. Off. of Pro. Med. Conduct, N.Y.,* 354 F. App'x 459, 460 (2d Cir. 2009) (affirming dismissal of state constitutional and state law claims on sovereign immunity grounds) (citing *Raygor v. Regents of the Univ. of Minn.,* 534 U.S. 533, 541 (2002)); *see also Deadwiley v. New York State Off. of Child. & Fam. Servs.,* 97 F. Supp. 3d 110, 116 (E.D.N.Y. 2015) ("[i]t is well settled that the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court.") (quoting *Winokur v. Off. of Ct.*

4

*Admin.*, 190 F. Supp. 2d 444, 450 (E.D.N.Y. 2002)).

Here, the State has not expressly waived its immunity for Section 1983 claims.[3] *See Li v. Lorenzo,* 712 F. App'x 21, 22 (2d Cir. 2017) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977) (stating, in the context of a § 1983 action, "New York has not waived its immunity"). Nor has Congress abrogated the State's immunity for Section 1983 claims. *Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990). Finally, Plaintiff's claims do not fall within the *Ex parte Young* exception because she does not seek prospective relief, and she did not name an individual state defendant acting in his or her official capacity. The State is therefore entitled to sovereign immunity, and the motion to dismiss is granted.

## IV.   LEAVE TO AMEND

As a general rule, a dismissal for lack of subject-matter jurisdiction must be without prejudice. *See, e.g., Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice."); *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is

---

[3] Plaintiff argues that she does not rely on § 1983, but articulates no other basis for pleading the alleged constitutional violations. Compl. ¶¶ 87-108; Dkt. No. 16 at 17. Plaintiff's reliance on the Habeas Corpus statutes is misplaced. Compl. ¶¶ 109-14; *see Hall v. Edwards*, No. 4:13-cv-556, 2013 WL 1442459 (E.D. Mo. Apr. 9, 2013) ("At the outset, the Court notes that a prisoner may not bring claims in a single action pursuant to both habeas corpus and § 1983. These are separate causes of action, and a separate lawsuit must be filed for each action."). In any event, Habeas relief is unavailable "when the plaintiff is no longer 'in custody' and thus is ineligible for § 2254 relief." *Floyd v. Rosen*, No. 21-cv-1668, 2022 WL 1451405, *8 (S.D.N.Y. May 9, 2022). Here, based on Plaintiff's allegations, it appears unlikely that she would satisfy the "in custody" requirement. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it".) Finally, Plaintiff's reliance on the All Writs Act as an independent cause of action is improper because the All Writs Act cannot be used to create an independent cause of action when the Court otherwise lacks jurisdiction. Compl. ¶¶ 115-21; *see United States v. Denedo*, 556 U.S. 904, 913 (2009) ("The All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction.") (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999)).

lacking, the district court lacks the power to adjudicate the merits of the case, and accordingly Article III deprives federal courts of the power to dismiss the case with prejudice.") (internal quotation marks omitted).

"[I]t appears to still remain an "open question" in the Supreme Court and the Second Circuit whether a dismissal for sovereign immunity is [one for] failure to state a claim (under Fed. R. Civ. P. 12[b][6]) [or] one for lack of subject-matter jurisdiction (under Fed. R. Civ. P. 12[b][1])." *Canfield v. New York*, No. 6:24-cv-1357 (GTS/TWD), 2025 WL 1288747, at *2 (N.D.N.Y. May 5, 2025). However, the Second Circuit has routinely affirmed such dismissals based on a lack of subject-matter jurisdiction,[4] and recently reaffirmed this practice (in a Summary Order), reversing a dismissal with prejudice based on the doctrine of sovereign immunity because the dismissal should have been without prejudice. *See Karupaiyan v. New York*, No. 23-1257, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) ("[B]ecause the district court lacked jurisdiction over the claims against the State of New York, it was erroneous to dismiss those claims with prejudice rather than without prejudice."). "Such a dismissal without prejudice offers the added benefit of effectively giving this pro se Plaintiff an opportunity to identify the individual(s) whom he may correctly sue in the proper capacity and/or for the proper relief (albeit in a separate

---

[4] *See, e.g., Kelly v. N.Y.S. Unified Court Sys.*, No. 21-1633, 2022 WL 1210665, at *1-2 (2d Cir. Apr. 25, 2022) (affirming district court's granting of motion to dismiss pro se plaintiff's complaint against state court system based on sovereign immunity under Fed. R. Civ. P. 12[b][1]); *Mamot v. Board of Regents*, 367 F. App'x 191, 192-93 (2d Cir. 2010) ("As agencies of the State of New York, these defendants are all entitled to immunity under the Eleventh Amendment, and the district court lacked subject matter jurisdiction over Mamot's claims . . . . Accordingly, the district court properly granted defendants' motion to dismiss, and we affirm the judgment for the reasons articulated in this order."); *Gasparik v. Stony Brook Univ.*, 296 F. App'x 151 (2d Cir. 2008) ("[W]e find that the District Court properly concluded that it lacked subject matter jurisdiction because SUNY has not consented to be sued in a federal forum and so is immune from suit pursuant to the Eleventh Amendment."); *McGinty v. New York*, 251 F.3d 84, 101 (2d Cir. 2001) ("[W]e are constrained to agree with the district court that it lacked subject matter jurisdiction over plaintiffs' claims because the Eleventh Amendment cloaks all defendants with sovereign immunity.").

proceeding, because the Court lacks subject-matter jurisdiction over any complaint that may be amended in this proceeding)." *Canfield,* 2025 WL 1288747 at *3. Accordingly, the Complaint is dismissed without prejudice but without leave to amend.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss under Rule 12(b)(1), Dkt. No. 7, is **GRANTED**; and it is further

**ORDERED** that the Complaint, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 15, 2025

Elizabeth C. Coombe
U.S. District Judge